UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MICHAEL ALLEN WELLS,

    Plaintiff,

v.                                         No. 1:23-CV-020-H-BU

ZACHARY SUMRULD, et al.,

    Defendants.

**ORDER OVERRULING OBJECTIONS AND ADOPTING AS MODIFIED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE, AND REMANDING THE CIVIL ACTION**

Before the Court are the Findings, Conclusions, and Recommendations (Dkt. No. 20) of Magistrate Judge John R. Parker and the objections filed by the plaintiff, Michael Allen Wells (Dkt. No. 21). In this litigation, Wells requests "punitive damage of $44.15 billion worth of one ounce silver 99.9% pure medallions as issued by [t]he Republic of Texas" pursuant to the "Declaration of Independence Special Private Trust of 1776" because Home Depot terminated his employment. Dkt. No. 1-2 at 5–6, 10. The Findings, Conclusions, and Recommendations (FCR) recommends that the Court dismiss all of Wells's claims. *See generally* Dkt. No. 20. While Wells has filed objections, he does not address the Magistrate Judge's findings. *See* Dkt. No. 21. He instead challenges Judge Parker's qualifications, asserts that no court has jurisdiction over his claims while demanding that that the Court "proceed with [his] previously submitted instructions, with prejudice," and discusses the fictitious trust. Dkt. No. 21 at 1, 2–8, 11.

When a party files objections to a magistrate judge's recommendations, the Court must review those objected-to portions de novo. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1). However, "[f]rivolous,

conclusive[,] or general objections need not be considered by the district court." *Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotation omitted). In such cases, the Court must only review the FCR for plain error. 28 U.S.C. § 636(b)(1).

The Court finds that Wells's objections are patently frivolous and fail to specifically identify the findings to which he objects. Liberally construed, Wells requests Magistrate Judge Parker to recuse because Home Depot files income reports to the United States and claims he "slander[ed] [Well's] name, [his] character, and [his] Creator by labeling [him] a sovereign citizen." Dkt. No. 21 at 1, 7. Wells has not cited a valid basis for recusal, *see* 28 U.S.C. § 455(a)-(b), and the FCR merely notes that Wells's arguments mirror those of the sovereign-citizen movement. Dkt. No. 20 at 4 n.2, 29.

Next, Wells asserts that no state or federal court has jurisdiction over his claims related to the 1776 trust but that the Court must carry out his "previously submitted instructions." Dkt. No. 21 at 9–11. The FCR agrees with Wells that there is no jurisdiction over his claims and recommends that the Court dismiss his trust claims for that reason. Dkt. No. 20 at 29 ("To the extent Wells purports to make a claim under the Executive Orders or some type of trust, this Court lacks jurisdiction for any such claim, and they should be dismissed."). If Wells's objections are construed as arguing that his claims should nevertheless not be dismissed, this position is frivolous as the Court may neither adjudicate his claims nor provide him with any relief in the absence of jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Moreover, the trust is fictitious, any claimed relief from it is implausible and frivolous, and his arguments to the contrary are baseless.

Accordingly, the Court need only review the FCR for plain error. Having conducted that review, the Court overrules Wells's objections and adopts the FCR as the findings of the Court with the following modification. The Court lacks subject-matter jurisdiction over Wells's claims because whatever purported federal claims he is asserting do not provide a private right of action. While his claims are clearly frivolous and doomed to fail, a Fifth Circuit opinion, which was decided a few hours after the FCR was filed on August 16, 2023, requires the Court to remand this action rather than dismiss it. *Spivey v. Chitimacha Tribe of La.*, ___ F.4th ___, 2023 WL 5274419, at *2–3 (5th Cir. Aug. 16, 2023) ("We therefore hold, in accordance with the statute's plain text and the great weight authority from across the country, that [28 U.S.C.] § 1447(c) means what it says, admits of no exceptions, and requires remand even when the district court thinks it futile." (footnote omitted)). In *Spivey*, even though the district court determined that sovereign immunity barred the plaintiff's 42 U.S.C. § 1983 claims such that no court had jurisdiction over the case, the Fifth Circuit held that the district court erred by dismissing, rather than remanding, the civil action. *Id.* The Court therefore remands this civil action to the 104th Judicial District Court, Taylor County, Texas.

So ordered on September 12, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE